ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 13, 2009

The Honorable John Whitmire
Chair, Committee on Criminal Justice
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0741

Re: Whether the section 143.105, Local Government Code, prohibition against certifying a person 45 years or older for a beginning position in a police department applies to the reappointment of a police officer under section 143.1251, Local Government Code (RQ-0797-GA)

Dear Senator Whitmire:

Your question relates to chapter 143 of the Local Government Code, commonly known as the Fire Fighter and Police Officer Civil Service Act (the "Act"). TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363 (Vernon 2008 & Supp. 2009); *City of Houston v. Clark*, 197 S.W.3d 314, 315 (Tex. 2006) (referring to the common name of the Act). Section 143.1251 of the Act authorizes a fire fighters' and police officers' civil service commission (a "commission") to "adopt rules to allow a police officer who voluntarily resigns from [a police] department to be reappointed to the department without taking another departmental entrance examination." TEX. LOC. GOV'T CODE ANN. § 143.1251 (Vernon 2008); *see also id.* § 143.021(c) ("Except as provided by Section[] . . . 143.1251, . . . an existing position or classification or a position or classification created in the future either by name or by increase in salary may be filled only from an eligibility list that results from an examination held in accordance with this chapter."). Section 143.105 of the Act, through its incorporation of the eligibility requirements in section 143.023(c), prohibits "[a] person who is 45 years of age or older" from being "certified for a beginning position in a police department." *Id.* §§ 143.023(c), .105 (Vernon Supp. 2009) (providing that the eligibility requirements prescribed by section 143.023 apply to a beginning position); *see also id.* § 143.023(g) ("In addition to meeting the requirements prescribed by this section, an applicant for a beginning position in a police department in a municipality with a population of 1.5 million or more must meet the requirements prescribed by Section 143.105."). You ask whether the reappointment of a police officer under Local Government Code section 143.1251 is subject to the prohibition against certifying a person forty-five years or older for a beginning position in a police department.[1]

---

[1] Request Letter (*available at* http://www.texasattorneygeneral.gov). Your written request asks whether the "45 year old limitation in 143.023 appl[ies] to a re-appointment as described in 143.0251." *Id.* However, we clarified with your office that your question actually pertains to the limitation in section 143.105 and a reappointment under section 143.1251. Telephone Conversation with Lara Wendler (June 18, 2009).

As factual background, you relate that an individual served eight years with the Houston Police Department (the "Department") but voluntarily resigned[2] to join the United States Navy. Request Letter. The individual, who is currently forty-eight years old, is now leaving military service and is seeking reappointment to the Department.[3] *See id.* You explain that the City of Houston (the "City"), which is governed by chapter 143, has adopted a meet and confer agreement and nothing in that agreement addresses your question.[4] *See id.*; *see generally* TEX. LOC. GOV'T CODE ANN. §§ 143.351–.363 (Vernon 2008) (addressing meet and confer agreements in municipalities with population of 1.5 million or more).[5] We accept for purposes of this opinion that these facts are accurate.

We find no case law or statutory provision that says that a police officer who voluntarily resigns from a police department and is subsequently reappointed to the department pursuant to Local Government Code section 143.1251 is subject to the section 143.105 prohibition against certifying a person forty-five years or older for a beginning position in the police department.

---

[2]Chapter 143 provides for the possible reinstatement of officers who receive a military leave of absence. *See* TEX. LOC. GOV'T CODE ANN. § 143.072 (Vernon Supp. 2009). However, we do not understand the officer at issue to have received a military leave of absence.

[3]You do not ask about, and this opinion does not address, any federal or state law that may preempt the relevant portions of the Act under the particular facts that give rise to your question. *See, e.g.,* 38 U.S.C. §§ 4301–4334 (2006) (regarding reemployment rights after uniformed services employment); TEX. GOV'T CODE ANN. §§ 613.001–.023 (Vernon 2004) (regarding reemployment after military service).

[4]The City may be subject to many of the general provisions of the Act as well as those provisions that apply to a municipality with a population of 1.5 million or more. *See* UNITED STATES CENSUS BUREAU, U. S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, STATE & COUNTY QUICKFACTS, *available at* http://quickfacts.census.gov/qfd/states/48/4835000.html (City of Houston population: 1,953,631) (last visited Oct. 9, 2009); *see also, e.g.,* TEX. LOC. GOV'T CODE ANN. § 143.101 (Vernon 2008) (providing that subchapter G applies primarily to a municipality with a population of 1.5 million or more and that subchapters A–F apply to such municipalities, except as otherwise provided).

[5]The meet and confer agreement is relevant to this analysis because section 143.361(b) provides that "[a] written agreement ratified under this subchapter preempts all contrary . . . legislation." TEX. LOC. GOV'T CODE ANN. § 143.361(b) (Vernon 2008).

## S U M M A R Y

We find no case law or statutory provision that says that a police officer who voluntarily resigns from a police department and is subsequently reappointed to the department pursuant to Local Government Code section 143.1251 is subject to the section 143.105 prohibition against certifying a person forty-five years or older for a beginning position in the police department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee